**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **No. 3:01-CR-263 (JBA)** |
| | : | USCA2 No. 03-1448 |
| JOSEPH P. GANIM, | : | |
| | : | |
| Defendant-Appellant. | : | |

**DEFENDANT GANIM'S RESPONSE TO MOTION**
**FOR POST-*CROSBY* PROCEEDINGS ON REMAND**

       The defendant-appellant, Joseph P. Ganim (hereafter "Ganim"), appealed to the United States Court of Appeals for the Second Circuit from the judgment of sentence imposed by this Court, following a trial and verdict. After Ganim had filed his opening brief but before filing its own brief on appeal, the United States moved for a remand under *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Without conceding the correctness of the Second Circuit's interpretation of Fed. R. Crim. P. 52(b) in the context of claims under *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005), Ganim agreed to the proposed remand, which the Court of Appeals ordered on April 26.

       On April 27, the government filed a "motion for post-*Crosby* proceedings" suggesting how the Court should proceed at this stage. In this response, Ganim respectfully contends that re-sentencing is warranted. In the alternative, Ganim requests that the Court allow additional submissions from the parties prior to making its final ruling on the issue.

1

A.    The Statutory Post-*Booker* Mandate

Before *Booker*, the dictates of 18 U.S.C.§ 3553(b)(1) required the imposition of a sentence within the applicable guideline range for all cases construed to fall "within the heartland" of the United States Sentencing Guidelines ("U.S.S.G."). *See Koon v. United States,* 518 U.S. 81 (1996).   To save the Sentencing Reform Act from a declaration of unconstitutionality, that provision has now been stricken and excised from the statute, leaving in place a Congressional command to impose the sentence which is "sufficient*, but not greater than necessary,* to comply with the purposes set forth in paragraph (2) of this subsection."  18 U.S.C. § 3553(a) (emphasis added).  Those purposes are stated as follows:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*See* 18 U.S.C. § 3553(a)(2).

When considering what sentence will suffice to meet the above-listed purposes, the court is also *required* to consider the other factors listed in Section  3553(a).  These factors are:

> (1)  "the nature and circumstances of the offense," and  "the history and characteristics of the offender";
>
> (2) the general purposes of sentencing (as listed *supra*);
>
> (3) the "kinds of sentences available;"

2

(4) whatever sentence types and ranges are called for by the Guidelines;

(5) "any pertinent policy statement" of the U.S. Sentencing Commission, including the grounds for departure in chapters 1.A., 5.H. and 5.K.;

(6) "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct"; and

(7) "the need to provide restitution to any victim."

*See* 18 U.S.C. § 3553 (a).

Ganim notes that the government's motion appears to assign undue weight to the consideration of the guidelines under the procedure set out in *Crosby. See* Govt.'s Motion at 2 (emphasizing in italics the Guidelines-related portions of *Crosby's* directive). Contrary to this insinuation, however, the *Crosby* court did not differentiate the weight to be accorded the listed factors under Section 3553(a), and instead explicitly declined to resolve "what degree of consideration is required," deliberately leaving "the concept of 'consideration' in the context of the applicable Guidelines range to evolve as district judges faithfully perform their statutory duties." 397 F.3d at 113.

Ganim submits that under *Booker,* the advisory guidelines are entitled to the same weight accorded to each factor listed under Section 3553(a), a view that is most consistent with the explicit wording of the statute itself, and that most forcefully avoids the danger of violating *Booker* by creating a *de facto* mandatory guidelines sentence. Several district courts within this Circuit have followed this approach using a similar rationale. *See e.g. Simon v. United States,* 2005 U.S. Dist. LEXIS 4551, at *11-12 (E.D.N.Y. Mar. 17, 2005)(Sifton, J.)(explicitly adopting equal consideration approach and explaining reasons for same); *United States v. Carmona-Rodriguez,* 2005 U.S.Dist. LEXIS *10-12 (S.D.N.Y. Apr. 11, 2005)(Sweet, J.)(applying same). *See also United*

*States v. Jaber*,  2005 U.S. Dist. LEXIS 4028, at *17 (D. Mass., March 16, 2005)

(Gertner, J.); *United States v. Ranum,* 353 F. Supp. 2d 984, 985 (E.D.Wis. 2005)

(Adelman, J.); *cf. United States v. Wilson*, 350 F. Supp.2d 910 (D.Utah 2005), *on*

*reconsideration*, 355 F.Supp.2d 1269

B.    <u>Re-Sentencing Is Warranted in the Instant Case</u>

Ganim requests that the Court re-sentence him in accordance with the factors

and procedure set forth in *Booker* and *Crosby.*  Further, Ganim contends that such a re-

sentencing is warranted due to the specific nature of his case and the range of

information previously excluded from the Court's consideration, which counsel could

and would have argued, had *Booker* been decided prior to the sentencing in this case..

First, as the Court is aware, the guideline range applied to Ganim's case was

arrived at based on a number of so-called "enhancements" under the Sentencing

Guidelines, principally including leadership role under U.S.S.G. § 3B1.2(a),  and the

amount of loss under U.S.S.G. § 2C1.1(b)(2)(A).  Together these two enhancements

accounted for a fifteen-level increase in Ganim's sentence and are stark instances

where the Sentencing Guidelines operated as a particularly blunt instrument in the

determination of Ganim's sentence: once determined to apply, the *amount* of increase

in base offense level was both inflexible and significant.  In the wake of *Booker,* some

judges have addressed this kind of perceived imbalance upon resentencing.  *E.g.*

*United States v. Ochoa-Suarez,* 2005 U.S. Dist. LEXIS 1667, *4-6 (S.D.N.Y. Feb. 7,

2005)(Keenan, J.)(post-*Booker,* declining to apply three-level enhancement for

managerial role under Section 3B1.1 given the other factors of Section 3553(a)); *Simon,*

2005 U.S.Dist. LEXIS 4551, at *11-12 (adjusting sentence to redress in part the 100:1

crack/cocaine ratio implicit in the guidelines); *see also United States v. West,* 2005 U.S.Dist. LEXIS 1123, *15 (S.D.N.Y. Jan. 27, 2005)(Sweet, J.)(declining to impose under the advisory Guidelines a loss calculation not admitted to by defendant). Standing alone, the dramatic increase in Ganim's guideline range caused by these two non-verdict enhancements calls for a thorough re-examination of the propriety of his sentence.

Second, at Ganim's original sentencing, the Court was *required not to consider, to any significant degree,* a large number of mitigating factors, that now the Court is *required to take into account* as relevant to the mandatory "considerations" of Section 3553.  *See e.g.* 18 U.S.C. § 3553(a)(1) (mandating consideration of  "the history and characteristics of the offender"); *id.* § 3553(a)(6) (reduction of unwarranted disparity between offenders with similar records convicted of similar conduct such as the co-conspirators prosecuted in the Ganim investigation)..  Indeed, the particular factor that this Court declined to give any weight at the original sentencing -- Ganim's positive achievements as Mayor of Bridgeport -- would now be included under subsection (a)(1) as a matter to which consideration would have to be given.  The Court is thus presented with a vastly different task at this stage.

Similarly, defense counsel is presented with a broader opportunity to advocate the import of such information, now that the strictures of what was deemed appropriate under the guidelines have been lifted.  For example, should the Court order a re-sentencing, Ganim's counsel would advance arguments based on (a) Ganim's record of rehabilitation since his incarceration; (b) the continuing impact of his incarceration upon his family, which as the Court will recall, includes his wife and three minor children; and

(c) the disparity in sentencing between this case and other defendants convicted of similar conduct both here in Connecticut and elsewhere.  *See generally* 18 U.S.C. §3553(a)(2)(B), (C) and (D); *see also Crosby,* 397 F.3d at 118 (expressing no views on what current circumstances should be considered upon resentencing).

Accordingly, due to the now required consideration of previously excluded factors highly relevant to achieving a sentence that is "sufficient" but "not greater than necessary" under 18 U.S.C. § 3553, Ganim respectfully submits that a re-sentencing is warranted.  In the alternative, Ganim respectfully suggests that additional briefing by the parties on this issue would be appropriate.

CONCLUSION

For the reasons set forth above, Ganim respectfully requests that the Court order a re-sentencing in his case, or alternatively, set the matter down for further briefing by the parties.

Dated: May 6, 2005
        New York, New York

Respectfully submitted,

BY: _____
        RICHARD T. MEEHAN, JR., ct06029
        MEEHAN, MEEHAN & GAVIN
        Attorneys for Defendant
        Joseph P. Ganim
        76 Lyon Terrace
        Bridgeport, Connecticut 06604
        (203) 333-1888

BY: _____
        EDWARD J. GAVIN  CT08536
        MEEHAN, MEEHAN & GAVIN
        Attorneys for Defendant
        Joseph P. Ganim
        76 Lyon Terrace
        Bridgeport, Connecticut 06604
        (203) 333-1888

BY: _____
        J. BRUCE MAFFEO, ct23157
        Attorney for Defendant
        Joseph P. Ganim
        233 Broadway, Suite 2701
        New York, New York 10279
        (212) 404-7040

    -Of Counsel-
E. Niki Warin, Esq.
Peter Goldberger, Esq.

7

<u>CERTIFICATE OF SERVICE</u>

On May 6, 2005, I served a copy of the foregoing document on counsel for the

government by United States mail, first class postage prepaid, addressed to:

Sandra S. Glover, Esq.                   Ronald S. Apter, Esq.
Assistant U.S. Attorney                  Special Assistant U.S. Attorney
P.O. Box 1824                            The Hartford Financial Services Group, Inc.
New Haven, CT  06508                     Law Dept. HO-1-09
                                         Hartford, CT  06115


_____

RICHARD T. MEEHAN, JR.
Attorney at Law

8