03-1448
U.S. v. Ganim-cr

01-cr-263
D. Conn.
Arterton, J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand and seven.

PRESENT:

> HON. DENNIS JACOBS,
> *Chief Judge,*
> HON. SONIA SOTOMAYOR,
> HON. RICHARD C. WESLEY,
> *Circuit Judges.*



---

United States of America,

> *Appellee,*

> v.

No. 03-1448-cr

Joseph P. Ganim,

> *Defendant-Appellant.*

---

For Appellee:                              SANDRA S. GLOVER, Assistant United

States Attorney (Ronald S. Apter, Special
Assistant United States Attorney, William J.
Nardini, Assistant United States Attorney,
*on the brief*), *for* Kevin J. O'Connor, United
States Attorney for the District of
Connecticut, New Haven, Connecticut.

For Defendant-Appellant:          ERIC W. BLOOM, Winston & Strawn LLP,
Washington, D.C. (Peter Goldberger, Pamela A.
Wilk, Alan Ellis, Law Offices of Alan Ellis,
Ardmore, Pennsylvania, Edwin H. Caldie, Winston
& Strawn LLP, Washington, D.C., *on the brief*).

Defendant-Appellant Joseph Ganim ("Ganim"), the former mayor of Bridgeport,
Connecticut, appeals from the judgment of the United States District Court for the District of
Connecticut (Arterton, J.), convicting him, following a jury trial, of racketeering in violation of
18 U.S.C. § 1962(c); racketeering conspiracy in violation of 18 U.S.C. § 1962(d); extortion in
violation of 18 U.S.C. § 1951; honest services mail fraud in violation of 18 U.S.C. §§ 1341 &
1346; bribery involving programs receiving federal funds in violation of 18 U.S.C.
§ 666(a)(1)(B); conspiracy to commit bribery in violation of 18 U.S.C. § 371; and filing false
income tax returns in violation of 26 U.S.C. § 7206(1). Ganim was sentenced principally to 108
months' imprisonment. In a separate opinion issued today, we address Ganim's jury charge
challenges, and hold that the government was not required to prove a direct link between a
benefit Ganim received and a specific act he performed, so long as the government proved that
Ganim received benefits in exchange for his agreement to perform specific official acts or to do
so as the opportunities arose. In this summary order, we address Ganim's additional challenges
to his conviction and sentence. We assume the parties' familiarity with the facts and procedural
history, which is set forth more fully in our companion opinion.

First, we reject Ganim's contention that the indictment, as particularized, was
insufficient. "[A]n indictment is sufficient if it, first, contains the elements of the offense
charged and fairly informs a defendant of the charge against which he must defend, and, second,
enables him to plead an acquittal or conviction in bar of future prosecutions for the same
offense." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (internal citation omitted).
So long as an indictment "delineates the elements of a charged offense, however concisely,"
*United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992), we may in reviewing the
sufficiency of the indictment on appeal consider the indictment "[a]s amplified by" a bill of
particulars, *United States v. Eskow*, 422 F.2d 1060, 1064 (2d Cir. 1970). In this case, each
bribery-related count of the supplemented indictment set forth benefits Ganim received in
exchange for his promises to perform official acts; thus, the government sufficiently alleged the
requisite quid pro quo. Although Ganim claims that the government failed to link directly each
specific benefit he received to a specific act of official malfeasance, the law does not demand this

2

degree of specificity to convict, much less to put him on adequate notice of the charges against him.

Second, Ganim argues that the prosecutor's rebuttal summation constituted misconduct warranting reversal. As Ganim did not make a timely objection, we reverse only if the statements amounted to a "flagrant abuse", *United States v. Rivera*, 22 F.3d 430, 437 (2d Cir. 1994), which caused him substantial prejudice, *see United States v. Bautista*, 23 F.3d 726, 732 (2d Cir. 1994). Ganim alleges that the prosecutor made improper comments centering around three inappropriate themes: (1) that Ganim's defense was so absurd that if the jurors failed to convict, they were "suckers"; (2) that the jurors should convict based not only on the evidence, but on their general dislike of politicians; and (3) that the cooperating witnesses' guilty pleas constituted substantive evidence of Ganim's guilt. We have condemned remarks that seek to call the jury's intelligence into doubt, *see United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) (citing examples), and have described as improper tactics calculated to "inflame the passions of the jury," *United States v. Elias*, 285 F.3d 183, 190 (2d. Cir. 2002). However, we have only reversed for improper prosecutorial statements in extreme cases, where a "repeated pattern of misconduct" gave rise to "grave doubts about the fairness of the proceeding below." *United States v. Gonzalez*, 488 F.2d 833, 836 (2d Cir. 1973) (reversing because prosecutor misrepresented evidence, repeatedly called defendant a liar, and used inflammatory language); *see also United States v. Drummond*, 481 F.2d 62, 64 (2d Cir. 1973) (similar). "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11 (1985). Although some of the prosecutor's statements here harkened close to the line of inappropriateness, they did not rise to the level of "flagrant abuse." The prosecutor's statements were at least in part a "fair response" to questions raised by defense counsel about the credibility of the prosecution's witnesses. *United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("[W]here the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal."). Moreover, while the guilty plea of a co-defendant cannot be used as substantive evidence of a defendant's guilt, the district court provided a limiting instruction to this effect, and thus cured any prejudice that might otherwise have stemmed from the government's closing remarks to which Ganim now objects. *See United States v. Prawl*, 168 F.3d 622, 625-27 (2d Cir. 1999) (to avoid improper implication, cautionary instruction is mandatory if requested).

Third, Ganim argues that the court erred in declining to recess jury deliberations, sua sponte, for the remainder of March 19, 2003, after a juror notified the court that she may have been fired from her job as a result of her participation in the trial. As Ganim did not raise the issue at the time of the event, the standard of review is plain error. Fed. R. Crim. P. 52(b); *see United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993). Here, the district court committed no error, much less plain error. The juror did not ask to be excused or object to the court's direction to continue deliberations that day, and when the court inquired whether the juror felt she was unable to continue deliberations, the juror indicated that she was able to continue. The district court thus acted well within its discretion in permitting deliberations to continue. *See United*

3

*States v. Paulino*, 445 F.3d 211, 226 (2d Cir. 2006) ("[T]rial courts [have] wide latitude to make an informed decision on all kinds of problems . . . that may befall a juror during jury deliberations." (internal quotation marks omitted)).

Fourth, Ganim advances a generalized challenge to the constitutionality of the resentencing process this Court established in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), admittedly in order to preserve the issue for review "at another level." Because this Court is bound by *Crosby* unless and until it is overruled by the Supreme Court or this Court sitting en banc, *United States v. Santiago*, 268 F.3d 151, 154-55 (2d Cir. 2001), we decline to reconsider *Crosby* here.

Finally, Ganim alleges that the sentence imposed by the district court was unreasonable for two reasons. First, he contends that the court reached its original sentencing determination without considering mitigating circumstances, particularly Ganim's accomplishments as mayor, as required by 18 U.S.C. § 3553(a). The transcript of the district court's initial decision, however, reflects that Judge Arterton indeed considered Ganim's good works as mayor, but believed his corruption was so severe that mitigation was not warranted; in other words, as she remarked, "[t]here is no exception for corruption for the good mayors." On remand, Judge Arterton further explained her reasoning:

> The Court recognizes its duty under 18 U.S.C. § 3553(a)(1) to consider the defendant's history and characteristics, including his accomplishments as mayor, and already has considered this information, but remains persuaded that it should be given a lesser weight in the context of a top elected municipal official who criminally and shamelessly flouts his lawful authority and the public trust.

*United States v. Ganim*, 01 Cr. 263 (JDA), 2006 WL 1210984, at * 3 (D. Conn. May. 5, 2006). Her determination not to reduce Ganim's sentence on this basis was reasonable. *See United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006).

Ganim's second argument is that the district court erred in refusing to reduce his sentence in light of the statistics he presented on national average federal bribery sentences. But these statistics gave no indication that they pertained to "similarly situated" individuals, as required by 18 U.S.C. § 3553(a)(6). *Fernandez*, 443 F.3d at 31-32. Nor was the district court obligated to hold a hearing on this topic, as Ganim claims, where he failed to proffer competent evidence.

We reject the remaining arguments raised by Ganim as meritless.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
By: